IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO. 5:21-CR-00115-M-6

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| TYRHONDA JY'QUA ATKINS, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court to determine the Defendant's competency pursuant to the provisions of 18 U.S.C. § 4241 *et seq*. On August 11, 2021, Defendant's counsel moved for a Psychiatric Examination of Defendant pursuant to 18 U.S.C. § 4241(a). [DE 245]. The court granted that motion and pursuant to 18 U.S.C. § 4241(b), the court ordered a psychiatric examination of the Defendant. [DE 246]. A qualified forensic psychologist conducted the evaluation and filed a forensic evaluation with this court under 18 U.S.C. § 4247(c). The evaluation concluded that "Ms. Atkins is not presently competent to stand trial." [DE 297].

On December 17, 2021, the court held a hearing to determine the Defendant's competency to stand trial. [DE 345]. The Defendant, together with her counsel, Nardine Guirguis, were present by video, and Assistant United States Attorney Laura Howard was present in the courtroom. Defendant was afforded an opportunity to testify, to present evidence, to subpoena witnesses on her behalf, and to confront and cross-examine any witnesses who might have appeared at the hearing. The Defendant through counsel, however, chose not to object to the findings of the report or otherwise put on evidence related to mental competency. 18 U.S.C. § 4247(d). Instead, both parties concurred in the findings and conclusion of the evaluation.

The court has carefully considered the forensic evaluation, together with the record in this case and the positions of the parties. Therefore, at the conclusion of the hearing, the court determined, by a preponderance of the evidence, that Defendant is presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her to assist properly in her defense. *See* 18 U.S.C. § 4241(d).

Accordingly, it is ORDERED that Defendant is committed to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as necessary to determine whether there is a substantial probability in the foreseeable future that she will attain capacity to stand trial. 18 U.S.C. § 4241(d). On or before April 8, 2022, the mental health care provider conducting or overseeing Defendant's treatment shall prepare and submit to the Court a written report, with copies provided to counsel for Defendant and the Government, detailing his or her professional observations, conclusions, and recommendation regarding whether there exists a substantial probability that in the foreseeable future Defendant will attain the capability to permit these proceedings to go forward. Upon receipt and consideration by the Court and counsel for the parties of the four-month treatment report, the Court will determine whether Defendant should remain hospitalized and receive treatment for an additional reasonable period of time until her mental condition is so improved that proceedings before the Court can continue, or until the pending charges against Defendant are disposed of according to the law, whichever is earlier. *Id.*

SO ORDERED this 20th day of December, 2021.

_____
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE